GEORGE E. BATCHELDER, trustee, *vs.* CENTRAL NATIONAL
BANK OF BOSTON.

Suffolk.    December 7, 1904. — April 7, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Bank. Trust.*

The fact that a trustee deposits a check payable to him as trustee in his personal
account at a bank where he has no account as trustee gives the bank no reason
to believe that the trustee is acting dishonestly, and if the trustee fails to ac-
count for the proceeds of the check the beneficiary has no remedy against the
bank.

BILL IN EQUITY, filed in the Supreme Judicial Court on
May 12, 1902, by the trustee under the will of Allen F. Gray,
late of Lynnfield, alleging that one Waterman, the predecessor
of the plaintiff as trustee, sold certain property belonging to the
trust and received in payment a check for $4,020.63 payable to
Waterman as trustee, that Waterman indorsed this check as
trustee and deposited it in his individual account in the Central
National Bank of Boston, the defendant, and that thereafter
Waterman departed to parts unknown and failed to account for
the proceeds of the check; praying that the defendant might
be adjudged a trustee for the plaintiff to the amount of the
proceeds of the check, with interest from the date of demand by
the plaintiff.

The case was heard by *Loring,* J., whose memorandum of
decision contained the following:

"I do not think that the bank in this case was a party to a
fraud. To charge the defendant on the ground that it was a
party to a fraud, the plaintiff must at least go so far as to
prove that the defendant had reason to believe that Waterman
was acting dishonestly.

"I do not think that the plaintiff has sustained the burden of
proving that fact. The bank knew that Waterman deposited
this check belonging to the trust in his individual account. But
so far as appears he had no other account, and the bank might

have thought that he used this account to collect the check as a matter of convenience."

The justice ordered that the bill be dismissed, and at the request of the plaintiff reported the case for determination by the full court, such decree to be entered as equity and good conscience might require.

*M. E. S. Clemons*, for the plaintiff.

*F. D. Allen*, (*W. L. Van Kleeck* with him,) for the defendant.

BARKER, J. The short answer to the plaintiff's case is the finding that he has not sustained the burden of proving that the bank had reason to believe that Waterman was acting dishonestly. The bank was not a creditor of his, and the only deposit account he had with it was one to his personal credit. The bank had no other knowledge even that he held any trust than such as it might have inferred from the fact of the form of the check. Under those circumstances it cannot be ruled as matter of law that for him to deposit to his personal account funds which he took as trustee was a dishonest act on his part, or that the circumstance that the check so deposited was one payable to his order as trustee gave the bank reason to believe that the depositor was acting dishonestly. The circumstances were much less significant than those under consideration in *Ashton* v. *Atlantic Bank*, 3 Allen, 217, and which there were held not to afford a sufficient presumption of knowledge that the trustee was acting in violation of duty to create a liability on the part of the bank. We could not reverse the decision of the justice who heard the present case without in effect overruling the case cited.

The plaintiff relies upon *Duckett* v. *National Mechanics' Bank*, 86 Md. 400. So far as that case charges the defendant bank, it seems to us to do so upon the ground that the bank credited to the personal account of a depositor funds which it was ordered to credit to his account as trustee. In the same case the court refused to charge the bank with another check in fact belonging to the same trust, but which it was ordered to credit to the same person, without more. We do not read the case as holding that mere knowledge on the part of a bank that trust funds stand to the credit of a depositor's personal account must charge the bank with knowledge that the depositor is acting dishonestly.

Nor if it should be so read could we follow it.   See *Safe Deposit & Trust Co.* v. *Diamond National Bank*, 194 Penn. St. 334.

Upon the report a decree should be entered dismissing the bill with costs.

*So ordered.*