CITY OF NEWBURYPORT *vs.* FIRST NATIONAL BANK OF BOSTON.

Suffolk.    November 18, 1913. — January 8, 1914.

Present: RUGG, C. J., HAMMOND, LORING, & BRALEY, JJ.

*Bank. Municipal Corporations.*

It here was stated that it was held in *Allen* v. *Puritan Trust Co.* 211 Mass. 409, that a bank, which, having no pecuniary interest in the matter, has paid out money from a deposit on the fraudulent order of the person who by the terms of the deposit had the right to draw on the account, is not liable to the rightful owner of the fund unless the bank was privy to the fraud.

A bank is not liable to a city for money paid by the bank from funds of the city left with it for the purpose by the city treasurer, upon a fraudulent order of such city treasurer, in discharge of an instrument purporting to be a note of the city which in fact was void, where the bank had no pecuniary interest in the payment and was in no way privy to the treasurer's fraud, the bank not being put upon inquiry in regard to the validity of the note, as a purchaser of the note would have been.

LORING, J.    This is an action * in which the city of Newburyport seeks to charge the defendant bank with the sum of $80,000, paid to it by the plaintiff city in the two sums of $78,133.55 and $1,866.45, and paid out by it in retiring the void note for $80,000 paid by it on April 13, 1906, as is more fully set forth in *Brown* v. *First National Bank of Boston, ante,* 298.

The $80,000 note was paid by the defendant bank pursuant to an oral order given to it by the treasurer of the plaintiff city. The note here in question was in the same form as the note which was held invalid by this court in *Brown* v. *Newburyport,* 209 Mass. 259.

The plaintiff's argument in effect is that, when municipal or other public securities are made payable at a bank, that bank in paying them is put on inquiry as to their validity by the same facts that put an intended purchaser of them on inquiry.

The contention is without foundation. A banker having no interest in the matter, who pays out money on deposit on the fraudulent order of the person who by the terms of the deposit had the right to draw on the account, is liable only when he is

---

* The case was submitted upon the pleadings and an agreed statement of facts to *Wait,* J., who ruled that the plaintiff was not entitled to recover, and reported the case for determination by this court.

privy to the depositor's fraud.  It was so held in *Allen* v. *Puritan Trust Co.* 211 Mass. 409, following *Gray* v. *Johnston*, L. R. 3 H. L. 1.

Where (as was the case so far as part of the checks in *Allen* v. *Puritan Trust Co.* were concerned) the banker has a pecuniary interest in the money paid out by him, he will be put on inquiry by facts which do not put him on inquiry where he has no pecuniary interest, as was held in *Allen* v. *Puritan Trust Co., ubi supra*, with respect to the payment of checks paid by the defendant in that case, in which it had no pecuniary interest.

We are of opinion that the same rule applies in case of an order given by the treasurer of a city to pay what purports to be a note of the city.  In the case at bar the defendant had no pecuniary interest in the payment complained of.  To make it liable to the plaintiff for damages suffered by the plaintiff because of its having followed the order of the plaintiff's treasurer to pay the note, the burden is on the plaintiff to prove the fact that the defendant bank was privy to Felker's fraud.  The only way in which the plaintiff has undertaken to make out that fact is by pointing out that it was held in *Brown* v. *Newburyport, ubi supra*, that a purchaser of a city note under these circumstances is put on inquiry. Under these circumstances a purchaser is put on inquiry because he has a pecuniary interest in the matter as one who intends to buy the note.  A buyer of an obligation to be paid by taxes levied on the public is charged with inquiring whether the laws which authorize the borrowing of money to be paid for by taxes levied on the public have been complied with.  As we already have said, the defendant bank had no pecuniary interest in the payment of the note, and for that reason was not on the same footing as a purchaser of it in the matter of making inquiry.

In the case at bar the defendant was not in fact privy to Felker's fraud; having no pecuniary interest in the matter it was not put on inquiry as to the validity of the note; and under the decision in *Allen* v. *Puritan Trust Co., ubi supra*, as to the checks paid by it in which it had no pecuniary interest, it is not liable.

In accordance with the terms of the report the entry must be

*Judgment for the defendant.*

*A. Withington*, for the plaintiff.

*N. W. Bingham, Jr., & A. R. Graustein*, for the defendant.