FRANCIS H. KENDALL & others, trustees, *vs.* FIDELITY TRUST COMPANY.

Suffolk. March 4, 1918. — May 24, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, & CARROLL, JJ.

*Equity Pleading and Practice*, Parties. *Bank. Equity Jurisdiction*, To impress fund with trust.

In a suit in equity brought by the trustees of a land trust against a bank to impress with a trust funds of the plaintiffs deposited with the defendant by a dishonest employee of the plaintiffs in his own name and afterwards wholly withdrawn and

misappropriated by him, the dishonest employee has no interest in the subject matter of the suit and is not a necessary party.

Where a bank has had no actual or constructive notice of fraud or misdoing on the part of a treasurer, who is one of its depositors, if the bank acting in good faith merely credits deposits of checks, which it knows to have been drawn by the treasurer upon the funds of the principal, to the personal account of the treasurer, this does not make it liable to the principal if the treasurer afterwards misappropriates the deposit.

Where the trustees of a land trust gave to a person employed by them as assistant treasurer authority in writing to draw checks on the funds of the trust in a certain bank and he by a series of checks on this bank, signed in the name of the land trust by him as assistant treasurer, drew out a large sum of money, depositing each of the checks in an account in his own name in a trust company, in which he already had a deposit of other money, and afterwards drew out all the money thus deposited and absconded with it, and where the account containing these deposits never had been overdrawn, in a suit in equity brought by the trustees against the trust company, seeking to impress with a trust the funds thus deposited with the defendant by the plaintiffs' dishonest agent, it was *held* that, as the defendant had no interest in the deposits and never had received any part of them for the payment of any debt to it, the defendant could not be charged with constructive notice of the fraudulent conduct of the depositor, and accordingly that there was no evidence that the defendant knew that the depositor intended to misappropriate the funds, and that the plaintiffs were entitled to no relief against it.

BILL IN EQUITY, filed in the Supreme Judicial Court on March 26, 1917, by the trustees under a declaration of trust dated December 12, 1911, doing business, under the name School Street Associates, in holding, improving and managing certain real estate in Belmont, against the Fidelity Trust Company, a corporation, seeking to impose a trust for the benefit of the plaintiffs on certain funds deposited with the defendant by one Mariano Alvero in checks drawn by him upon money of the plaintiffs in the Merchants National Bank of Boston which were signed "School Street Associates, By M. Alvero, Assistant Treasurer."

The case came on to be heard by *De Courcy*, J., who overruled so much of the defendant's answer as was by way of demurrer and, at the request of the parties, reported the case upon the bill and answer and an agreed statement of facts for determination by this court, such decree to be entered as equity and justice might require.

The material facts are stated in the opinion. The first of the checks deposited with the defendant was dated September 5, 1916. It was for $300 and was made payable to Alvero. All the other checks were made payable to the Fidelity Trust Company and their dates and amounts were as follows: September 5, 1916, $700,

September 8, 1916, $500, September 8, 1916, $500, September 16, 1916, $500, October 4, 1916, $500, October 10, 1916, $500, October 26, 1916, $500, November 3, 1916, $500, November 10, 1916, $200, November 14, 1916, $200, November 17, 1916, $100.

*G. K. Gardner,* for the plaintiffs.

*J. E. McConnell, (J. E. Eaton & E. T. McKnight* with him,) for the defendant.

CROSBY, J.   This is a bill in equity by which the plaintiffs, as the trustees of the School Street Associates, seek to impress with a trust certain money deposited in the defendant's bank by one Alvero, assistant treasurer in the employ of the plaintiffs, the amount so deposited being afterwards wrongfully withdrawn and misappropriated by him.   A single justice overruled so much of the answer as is by way of demurrer, and at the request of the parties reported the case to this court upon the bill and answer and an agreed statement of facts.

Where a suit in equity has for its object the disposal of a trust fund, all known claimants of the fund must be made parties.   In the case at bar the defaulting employee, Alvero, although he was the depositor of the funds in the defendant's bank has no interest whatever in the subject matter of the suit and need not be joined as a party.   The cases of *Gregory* v. *Merchants' National Bank,* 171 Mass. 67, and *Carr* v. *National Security Bank,* 107 Mass. 45, cited by the defendant, are not applicable to the facts in the present case.

It is recited in the agreed statement of facts that the plaintiffs kept the money of the trust in a deposit account with the Merchants National Bank of Boston; that in January, 1913, Alvero was employed by the plaintiffs, and by an instrument in writing was authorized "to sign checks upon Merchants National Bank of Boston, and endorse checks for deposit in said Bank, from January 11, 1913, until further notice."   This instrument was filed with the Merchants National Bank and was not revoked until all the deposits made by Alvero had been withdrawn from the Fidelity Trust Company.   Between September 5 and November 18, 1916, Alvero drew a series of checks on the Merchants National Bank signed "School Street Associates, by M. Alvero, Assistant Treasurer," and deposited them with the defendant for collection.   The first of these checks, dated September 5, 1916, for $300, was made

payable to Alvero individually; the other checks were all payable to the defendant and amounted to $4,700.

It is agreed that "Each of these checks was deposited with the defendant for collection by Mariano Alvero on the day of its date, was duly presented to the Merchants National Bank through the clearing house, and was paid. The proceeds by Alvero's direction were placed to the credit of Alvero's personal account with the defendant. In this personal account Alvero also deposited money other than that derived from proceeds of checks drawn upon the plaintiffs' account. This personal account with the defendant was at no time overdrawn and the defendant never received any part of that account for its own use or in payment of any debt to it, but paid out the whole from time to time upon the personal checks of Alvero. None of the checks upon the plaintiffs' account above referred to were drawn by Alvero for the use or purposes of the plaintiffs, but all were drawn for his individual purposes. The defendant's only knowledge of Alvero's authority to draw checks against the account of the plaintiffs was from the checks themselves and the fact that the same were honored by the Merchants National Bank. The defendant had no notice of any fraudulent purpose on the part of Alvero in drawing the checks above referred to and in the disposition of the proceeds unless it is chargeable with notice by reason of the form of the checks and that their proceeds were credited to Alvero's personal account. On November 18, 1916, Alvero absconded, having drawn out and expended for his own purposes the entire balance of his personal account with the Fidelity Trust Company."

We are of opinion that the form of the checks and the fact that their proceeds were credited to Alvero's individual account are not sufficient to warrant a finding that the defendant had reason to believe that Alvero was acting dishonestly. There is nothing to show that the defendant in collecting the checks drawn upon and paid by the Merchants National Bank without objection had any reason to suspect that the depositor was committing a fraud; or that the checks were not presented by the defendant in good faith to the bank on which they were drawn. As the defendant had no interest in the deposits and never received any part thereof for the payment of any debt due it, but credited all amounts so collected to Alvero's personal account, it cannot be charged with constructive

notice of the fraudulent conduct of the fiduciary.   R. L. c. 73, §§ 69, 72, 73.   *Pratt* v. *Higginson, post,* 256.   *Newburyport* v. *First National Bank of Boston,* 216 Mass. 304.   *Allen* v. *Puritan Trust Co.* 211 Mass. 409, 422, 423.   *Newburyport* v. *Spear,* 204 Mass. 146. *Fillebrown* v. *Hayward,* 190 Mass. 472.   *Batchelder* v. *Central National Bank of Boston,* 188 Mass. 25.   *Havana Central Railroad* v. *Knickerbocker Trust Co.* 198 N. Y. 422.   *Goodwin* v. *American National Bank,* 48 Conn. 550.   *Mott Iron Works* v. *Metropolitan Bank,* 78 Wash. 294.   *Gray* v. *Johnston,* L. R. 3 H. L. 1.

The weight of authority is in accord with the view that if a bank, acting in good faith, merely credits trust funds, knowing them to be such, to the personal account of the fiduciary, it will not be liable if he later misappropriates such funds.   Cases cited in note to *Allen* v. *Puritan Trust Co.* L. R. A. 1915 C 518.   As the defendant cannot be charged with constructive notice of the fraudulent acts of Alvero merely because of the form of the checks and because the amounts collected thereon were deposited in his personal account with other funds deposited by him, it follows that there is no evidence that the defendant knew he intended to misappropriate the funds and the defendant therefore cannot be held liable.

Upon the report a decree should be entered dismissing the bill with costs.

*So ordered.*