ABBIE G. DANA *vs.* OLD COLONY TRUST COMPANY.

Suffolk.   March 26, 1923. — May 25, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & CARROLL, JJ.

*Bills and Notes*, Identity of payee.   *Bank and Banking.*

A depositor in a trust company drew his check upon the trust company for the purchase price of an automobile, making it, at the request of a salesman, payable to P Motor Company, which the salesman falsely represented to the depositor to be an agent of the seller of the car in Worcester, whence the automobile would be delivered.   The salesman delivered the check to an attorney having in charge the collection of a claim against the salesman for P Motor Sales Company, which was a subagent of the seller of the automobile with a district limited to Hartford in the State of Connecticut, stating to the attorney that the check was intended to be made payable to that company.   The attorney indorsed the check " P Motor Co. by " his name as attorney, and deposited it in his own account.   No automobile ever was delivered to the depositor.   In an action by the depositor against the trust company, there was no positive evidence that the P Motor Company was a non-existing or a fictitious person or corporation, or, if such, that the plaintiff knew it.   *Held*, that

(1) The only question was one of fact, whether the plaintiff, when he delivered the check to the salesman, stood indifferent as to the personality of the payee;

(2) The defendant was bound at its peril to ascertain the identity of the person named as payee;

(3) It was proper to refuse to order a verdict for the defendant.

CONTRACT for $2,500, alleged to have been paid improperly by the defendant upon a check of the plaintiff drawn to the order of " Puritan Motor Company."   Writ dated May 7, 1921.

In the Superior Court, the action was tried before *Sanderson*, J.   Material evidence is described in the opinion.   The

judge refused to rule that, upon all the evidence, the plaintiff could not recover. There was a verdict for the plaintiff in the sum of $2,758.75; and the defendant alleged exceptions.

The case was submitted on briefs.

*S. H. Pillsbury, R. L. Dana & S. E. Young*, for the defendant.

*F. L. Norton*, for the plaintiff.

PIERCE, J. This is an action of contract to recover from the defendant $2,500, which the plaintiff alleges the defendant, as the drawee of a check drawn on the defendant by the plaintiff and dated January 26, 1921, paid to a person not authorized to receive the same. At the close of the evidence, which as to all material matters was uncontradicted, the defendant requested the presiding judge to instruct the jury that " Upon all the evidence and pleadings, the plaintiff cannot recover." The defendant made four other requests for instructions which were refused. They were not argued and are treated as waived.

The material facts are as follows: The plaintiff went to the salesroom of the Hinchcliffe Motor Company, in Boston, saw a salesman (Bailey), and there negotiated for the purchase of a Jordan automobile. Later, Bailey called at her office and they orally agreed that she should buy a Jordan closed car for $2,500 and the plaintiff's used car. Bailey told her that the reason he was willing to have a car sold at that price was that he had several cars of that type at Worcester, at the Puritan Motor Company, the agents of the Hinchcliffe Motor Company, and they were just in the midst of the time of deflation when everybody was turning everything into cash and it was simply to be a cash transaction to be able to buy at that price. He asked her to have a check drawn to the Puritan Motor Company, instead of to the Hinchcliffe Motor Company. The plaintiff arranged a collateral loan with the defendant, so she could have money available to draw against, and thereafter gave Bailey her check drawn on the Old Colony Trust Company for $2,500, payable to the order of the Puritan Motor Company. Nothing was said to her about the Puritan Motor Sales Company. She never saw Bailey again and the car was never delivered.

In fact, the Hinchcliffe Motor Company did not have as an agent the Puritan Motor Company or any other subagent with anything like that name; but had an agent, the Puritan Motor Sales Company, whose territory was limited to Hartford, Connecticut, and immediate vicinity in Connecticut. Bailey owed the Puritan Motor Sales Company about $3,000, and its claim was in the hands of William P. Everts, a Boston attorney, for collection. Bailey took the plaintiff's check to Everts and offered it on account of his debt to the Puritan Motor Sales Company. Everts noticed that the check was payable, not to the Puritan Motor Sales Company but to the Puritan Motor Company, and mentioned that fact to Bailey who said that the check was intended for the Puritan Motor Sales Company. Everts then indorsed the check " Puritan Motor Co. by Wm. P. Everts Attorney " and deposited it to his personal account into which it was paid by the defendant, and sent his own check to his client.

Upon the foregoing facts, and the legitimate inferences to be drawn therefrom, it is plain the only question presented is one of fact, and is whether or not the plaintiff when she delivered the check to Bailey in payment of the car which she had purchased stood indifferent as to the personality of the payee. There is no positive evidence reported that the Puritan Motor Company is non-existing or a fictitious person or corporation; and if such be the fact, there is no evidence that the plaintiff as maker of the check knew of such fact. G. L. c. 107, § 31, cl. 3. It follows that the defendant was bound at its peril to ascertain the identity of the person named as payee, and that the judge refused rightly to direct a verdict for the defendant. *Murphy* v. *Metropolitan National Bank,* 191 Mass. 159, 161.

*Exceptions overruled.*