## COMMERCIAL SAV. BANK & TRUST CO. v. NATIONAL SURETY CO. et al.

(Circuit Court of Appeals, Sixth Circuit. December 14, 1923.)

No. 3875.

1. **Banks and banking ⬤➝130(1)—Bank in which check describing payee as trustee was deposited not charged with knowledge that it belonged to bankrupt estate.**

   If check was signed by receiver in bankruptcy as "trustee" of bankrupt, and was payable to "F., trustee," and recited that it was "for balance on hand in the Matter of D., Bankrupt," it did not bring to the bank in which F. deposited it knowledge that F. received the money as trustee of the bankrupt estate; the word "trustee," standing alone, being descriptive merely.

2. **Banks and banking ⬤➝130(1)—Bank not chargeable with money received from trustee and repaid to him.**

   Where bank credited to personal account of trustee in bankruptcy a check payable to one described as "trustee," and a few days later paid the amount to its depositor on his check to his own order as trustee, it was not liable for his subsequent embezzlement of the fund.

⬤➝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge.

Suit by the National Surety Company against the Commercial Savings Bank & Trust Company and another. From an adverse judgment, the named defendant appeals. Reversed and remanded for new trial.

George W. Ritter, of Toledo, Ohio (Ritter & Hutchens, of Toledo, Ohio, on the brief), for appellant.

George R. Effler, of Toledo, Ohio (Marshall & Fraser and Lewis B. Hall, all of Toledo, Ohio, on the brief), for appellees.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. On the 21st day of August, 1921, Albert H. Fenton was appointed trustee in bankruptcy of the estate of Frank Dreyfus, bankrupt, and on August 27, 1921, gave bond in the sum of $5,000, with the National Surety Company as surety thereon. Prior to that Earl W. Shoemaker had been appointed receiver, and on August 29, 1921, delivered to Fenton a check for the money in his possession belonging to the bankrupt estate, which, as appears by the bill of complaint, reads as follows:

"Toledo. Ohio, 8/29, 1921.
"Northern National Bank 56–4:

"Pay to the order of Albert H. Fenton, trustee, $5,058.10, five thousand and fifty-eight and $10/100$ dollars, being for balance on hand in the matter of Frank Dreyfus, bankrupt.

"[Signed]    Earl W. Shoemaker,
"Trustee of the Estate of Frank Dreyfus, Bankrupt.
"Countersigned by [Signed]   Ford Belford, Referee in Bankruptcy."

Fenton thereupon deposited this check to the credit of his personal account in the Commercial Savings Bank & Trust Company. On September 3, 1921, he withdrew from his personal account in this bank $6,000 in cash upon a check signed by himself and payable to the order of "Albert H. Fenton, Trustee." Other checks drawn by Fenton upon his personal account were presented to the bank and paid by it, until the balance of his personal account was exhausted. Fenton appropriated the funds of the bankrupt estate to his own use. He was later removed as trustee, and Micajah Hayward appointed as his successor. On October 20, 1921, the National Surety Company filed a complaint in the District Court against the Commercial Savings Bank & Trust Company, praying that the bank be required to pay the sum of $5,058.10 so deposited in its bank to his personal account by Fenton, trustee, and that the surety be exonerated from all responsibility on Fenton's bond. Hayward, trustee in bankruptcy of the estate of Frank Dreyfus, bankrupt, was made a party defendant.

The Commercial Savings Bank & Trust Company filed an answer averring in detail the facts above stated. The National Surety Company moved for judgment on the pleading, which motion was sustained by the District Court and judgment entered accordingly. It is claimed on behalf of the National Surety Company that the check copied into its bill of complaint was signed by Earl W. Shoemaker

as receiver, and not as trustee; that fact, if it is a fact, does not appear by the record, nor by stipulation of counsel. It is important in one aspect of the case whether this check was signed by Shoemaker as trustee or as receiver, but not controlling.

It is not claimed that the bank had any actual knowledge that Fenton had been appointed trustee, or that he had received this check in his capacity as trustee in bankruptcy of the estate of Dreyfus, bankrupt, or that he ever opened an account with this bank as such trustee, so that the bank would be in position to exercise some control over the disbursement of this fund in accordance with rule 29 of the General Orders in Bankruptcy of the District Court. It is insisted, however, that the form of the check which Fenton deposited to the credit of his individual account was sufficient notice that it represented trust funds to charge the bank with knowledge that Fenton was a trustee in bankruptcy, and for that reason it was bound to know that under the provisions of the National Bankruptcy Act (Comp. St. §§ 9585–9656) all funds of bankrupt estates must be deposited in depositories designated by the court.

[1] If the check was signed by Shoemaker as the trustee of the estate of Frank Dreyfus, bankrupt, as appears by the copy thereof in the bill of complaint and in the court's opinion, then it would not only fail to bring to the bank the knowledge that Fenton was the trustee of the bankrupt estate, but, on the contrary, it would affirmatively show that Shoemaker was the trustee of that particular bankrupt estate and that the money was evidently paid to Fenton as the trustee of some other trust. The recital on the check "being for balance on hand in the matter of Frank Dreyfus, bankrupt," would no more indicate to the bank that Fenton received it as trustee of the bankrupt estate than that he received it as trustee of some other trust as final payment upon a preferred claim in excess of the bankrupt's property. The word "trustee," standing alone, is descriptive merely. Reiff v. Mullholland et al., 65 Ohio St. 178, 62 N. E. 124. It is true that, if written into a deed for real estate, it is sufficient to show that the grantee holds the legal title in trust only, and therefore with no absolute right to sell or incumber the same for his personal benefit. Railway Co. v. Durant, 95 U. S. 578, 24 L. Ed. 391. It was also held that where, upon a sale of real estate by a guardian, notes were executed to him for deferred payments as guardian of specific individuals and secured by mortgage on the real estate sold, the guardian cannot transfer title under circumstances fairly indicating that they were sold against the interest of his ward. Strong v. Strauss, 40 Ohio St. 87, but in all such cases the property was of such character as to indicate to a would-be purchaser that the trustee had no right either in his individual or trust capacity to sell and convey the same. In this case the check was regularly issued, countersigned by the referee in bankruptcy, and the trustee had the absolute right to collect the same.

Fenton might have presented this check directly to the Northern National Bank, in which these funds were deposited, and that bank would have had no right to refuse payment in cash, or to inquire what the payee proposed to do with the money. We are unable to see any

substantial difference between that method of collection and the method adopted by Fenton. The Commercial Savings Bank & Trust Company did not purchase this check from Fenton. It merely collected it for him. The bank, as his agent for this purpose, had the right to do whatever its principal, Fenton, could have lawfully done in person. Nor was any part of the proceeds of this check paid to the bank in discharge of any indebtedness owing by Fenton to it, nor did it receive any part of this fund to its own use.

[2] It is true that in the regular and usual course of the banking business it deposited this check to the credit of Fenton's personal account, but that does not indicate a purchase of the check. On the contrary, if the check had not been paid upon presentation to the bank upon which it was drawn, the Commercial Savings Bank & Trust Company would have had the right and authority to charge Fenton's personal account with the face of this check, including the cost of protest. It also further appears from the record that the bank a few days afterwards did pay to Fenton, trustee, upon a check payable upon his personal account, a sum of money somewhat in excess of the amount of this check, so that, even if the bank were to be charged with knowledge that it received this money from a trustee, it later returned the money to the same trustee, and certainly cannot now be held for the subsequent embezzlement of the funds, to the possession of which, in so far as this bank was concerned, the trustee was clearly entitled. Batchelder, Trustee, v. Bank, 188 Mass. 25, 73 N. E. 1024; Kendall v. Trust Co., 230 Mass. 238, 119 N. E. 861; Hood v. Bank, 230 Pa. 508, 79 Atl. 714; Bank v. Dodge, 124 U. S. 333, 346, 8 Sup. Ct. 521, 31 L. Ed. 458.

For the reasons stated, the judgment of the District Court is reversed, and cause remanded, for new trial in accordance with this opinion.