EDMUND W. OGDEN, administrator, *vs.* THE ATLANTIC NATIONAL BANK OF BOSTON.

Suffolk. May 21, 1931. — June 23, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Of bank. *Bank and Banking.*

No negligence on the part of the defendant appeared at the trial of an action of tort against a bank by the administrator of an estate, on evidence that, a few days after the plaintiff's appointment and after the powers of a third person previously appointed special administrator had ceased, that person received a check payable to his order as special administrator, indorsed it as such and also with his name followed by the word "Special," and deposited it in an account with the defendant standing in his name and designated "Special"; that the defendant in good faith, but without seeking to ascertain whether the depositor's appointment as special administrator still was in effect, credited the amount of the check to that account, collected it from the bank on which it was drawn and thereafter paid out the amount of it on various checks drawn by the depositor on the account; that the defendant had no actual knowledge that the depositor was misappropriating the proceeds of the check; that its dealings with the check were in accordance with the usual practice of banks; and that, under such practice, the defendant had no practical way of ascertaining that the depositor was using the proceeds improperly.

CONTRACT. Writ dated April 16, 1930.

The action subsequently was amended into one of tort. It was tried in the Superior Court before *Greenhalge,* J.

Material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged an exception.

*E. W. Ogden*, (*H. Guild* with him,) for the plaintiff.

*K. C. Parker*, for the defendant.

PIERCE, J. This is an action of tort brought by the plaintiff, in his capacity as administrator of the estate of Sarah L. Tenney, against the defendant, a banking corporation, to recover an amount equivalent to the proceeds of a certain check for $13,251.80. All the material evidence appears in the bill of exceptions. "At the conclusion of the evidence, the court allowed a motion by the defendant for a directed verdict in its favor and directed such a verdict; and stated to the jury that the evidence disclosed nothing which was legally negligent in what the defendant had done." The plaintiff duly excepted to the allowance of the defendant's motion for a verdict in its favor and to the direction of the verdict, and waives all other exceptions taken at the time of trial.

The pertinent facts are, in substance, as follows: One Calvin S. Tilden since 1925 was trustee under the will of Charles S. Tenney. Sarah L. Tenney, the widow of Charles S. Tenney, died about December 17 or 18, 1928, leaving three sons, Paul, Julian R. and Charles H. Tenney. Upon her death a trust fund, under the will of her husband, became distributable among the three sons. Said Tilden, who was an attorney at law, on January 7, 1929, was appointed special administrator of the estate of Sarah L. Tenney. The plaintiff Edmund W. Ogden on January 16, 1929, was appointed regular administrator. On or about January 19, 1929, after Tilden's powers as special administrator had ceased, the Travelers Insurance Company sent Tilden a check payable to the order of Calvin S. Tilden as special administrator of the estate of Sarah L. Tenney. It was drawn on the Chase National Bank of New York, and purported to be in payment of "Contract No. 203283–4. Due 1–16–29 issued on the life of Charles S. Tenney." "Commuted value of remaining installments. Exactly $13,251.80." On January 21, 1929, Tilden deposited this

check and two others, accompanied by a deposit slip, in the defendant bank. The particular check in question was indorsed by Tilden, "Calvin S. Tilden as Special Administrator of the Estate of Sarah L. Tenney," and underneath that indorsement was a second indorsement, "Calvin S. Tilden, Special." The deposit slip, which was made out by Tilden, was in the name of Calvin S. Tilden, Special, and described the check in question as a check on "N. Y. City $13,251.80." With the two other checks the total shown on the deposit slip was $13,326.80. On January 21, 1929, the defendant credited the account in its bank designated "Calvin S. Tilden, Special $13,326.80." On January 22, 1929, the defendant collected the proceeds of the check for $13,251.80 through the Federal Reserve Bank of New York.

It was agreed "that the account 'Calvin S. Tilden, Special' was in existence and active prior to January 21, 1929, and that Calvin S. Tilden had no other account with the defendant bank." Thereafter, the defendant honored checks drawn upon the account by Tilden and on January 24, 1929, the balance remaining in the account had been reduced to an amount less than the amount of the said Travelers' check. On March 1 Tilden had borrowed from the defendant $500 to meet outstanding checks, and on that date all the proceeds of the Travelers' check had been withdrawn by Tilden by fifty-one checks. Among these checks were several payable to the plaintiff. One of these described the plaintiff as administrator of the estate of Sarah L. Tenney, and on still others he was described as attorney for one of the heirs of the estate. In the aggregate the plaintiff received by the end of May, 1929, more than the amount of $13,251.80 by checks drawn by Tilden upon the account in the defendant bank. It appeared that the checks which were received by the plaintiff were received by him for the account of Paul S. Tenney and other beneficiaries out of the trust fund under the will of Charles S. Tenney for the benefit of Sarah L. Tenney and others. The plaintiff testified that he first learned of the policies of insurance and of the check in payment of the amount due thereon a short time after the death of Tilden and the

appointment of Edward P. Furber as administrator of his estate in February, 1930. Furber testified that he was appointed appraiser of the goods and effects of the estate of Sarah L. Tenney in the hands of Edmund W. Ogden, administrator; that he had no talks with Tilden and received no information from the plaintiff that there was money in the possession of Tilden as special administrator of the estate, and he got no such information from any source.

The record does not disclose that the defendant had actual knowledge that Tilden was misappropriating the proceeds of the Travelers Insurance Company's check or that the bank made profit from his wrongdoing. In his brief the plaintiff does not contend that the defendant had such knowledge or made profit from the wrongdoing of Tilden. It indisputably appears from testimony in the case that the method of the bank in dealing with the check and with the account was in accordance with the method and practice of banks, and that under such practice there is no practical way of knowing that Tilden was making an improper use of the proceeds of the Travelers' check.

The plaintiff contends that there was evidence of negligence of the defendant in that, having knowledge from the check itself that the funds were payable to Calvin S. Tilden, special administrator of the estate of Sarah L. Tenney, it should have called for the certificate of his appointment and should have taken means to learn whether Tilden's appointment was still in force before honoring checks drawn by him on the account in its bank designated "Calvin S. Tilden, Special $13,326.80."

In the circumstances here disclosed it is settled in this Commonwealth that if a bank, acting in good faith, merely credits trust funds, knowing them to be such, to the personal account of the trustee, it will not be liable if the trustee later misappropriates such funds. *Batchelder* v. *Central National Bank of Boston,* 188 Mass. 25. *Allen* v. *Puritan Trust Co.* 211 Mass. 409, 421. *Kendall* v. *Fidelity Trust Co.* 230 Mass. 238, 242. *Bischoff* v. *Yorkville Bank,* 218 N. Y. 106; L. R. A. 1916 F 1059.

*Exceptions overruled.*