BOSTON NOTE BROKERAGE COMPANY, INC. *vs.* PILGRIM TRUST COMPANY.

Suffolk.    March 6, 7, 1945. — May 7, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Bank and Banking. Bills and Notes,* Drawee, Check. *Actionable Tort. Embezzlement.*

A bank upon which a check is drawn is not liable for the embezzlement of the proceeds by a payee who is a fiduciary, or by an agent of the payee authorized to collect the check, merely because the fiduciary or agent causes the check or its proceeds to be deposited in his personal account, much less because he collects the check in cash. Per LUMMUS, J.

The mere facts that the treasurer of a corporation, known to an officer of a bank to be authorized to indorse and cash checks payable to the corporation, presented for payment such a check, drawn on the bank and indorsed in the name of the corporation, and requested a check of the bank payable to himself and, upon the officer's refusing to give a check of the bank but giving him cash, took the cash on the officer's suggestion to another officer at another window and purchased a check of the bank payable to himself, the proceeds of which he afterwards embezzled, did not warrant a finding that there was a plain indication to the bank's officers of an intended embezzlement or a finding that the bank was liable to the corporation in tort for the amount embezzled.

TORT OR CONTRACT. Writ in the Superior Court dated October 21, 1942.

The case was heard by *Hammond, J.,* without a jury.

*F. T. Leahy,* for the defendant.

*R. F. Roach,* (*T. H. Mahony* with him,) for the plaintiff.

LUMMUS, J. This is an action of "tort or contract" to recover damages from the defendant banking corporation because of its conduct with respect to a check payable to the plaintiff corporation. The facts appear in statements of counsel, which they agreed were to constitute a statement of agreed facts submitted as evidence, but not a case stated. *Scaccia* v. *Boston Elevated Railway,* 317 Mass. 245, 249. *King Features Syndicate, Inc.* v. *Cape Cod Broadcasting Co. Inc.* 317 Mass. 652.

One Leventhal, a depositor in the defendant bank, lent $10,000 to the plaintiff corporation upon its note, dated August 20, 1941, payable with interest on December 20, 1941, signed in its behalf by Henry Reimers, its treasurer, who was expressly empowered "to sign the corporate name, cash, sign and indorse checks, negotiate loans and in general, to do and transact any and all business which may be properly done and transacted in the name of the company." The plaintiff corporation had no deposit with the defendant bank. Leventhal made the loan by giving to Reimers his (Leventhal's) check for $10,000 upon the defendant bank, dated August 20, 1941, payable to the order of the plaintiff corporation.

On August 21, 1941, Reimers personally presented the check for payment at the defendant bank, with the indorsement of the plaintiff corporation upon the check signed by him as its treasurer. Apparently mindful of the duty of the defendant bank to its depositor Leventhal not to pay to a person unauthorized by the payee to receive the money (*Dana* v. *Old Colony Trust Co.* 245 Mass. 347; *Barmby* v. *Merrimack Cooperative Bank,* 285 Mass. 37, 40, and cases cited), a paying teller of the defendant bank refused to give Reimers cash for the check, and referred him to vice-president Miley, who had authority on behalf of the defendant bank to decide what to do. Miley did not know

either Reimers or his authority to indorse the check on behalf of the plaintiff corporation. Consequently Miley telephoned Leventhal's office and talked with Leventhal's secretary, who was well known to him. The secretary described Reimers in such a way as to identify him, advised Miley that Leventhal had just lent $10,000 to the plaintiff corporation, and said that Reimers as treasurer had authority to cash the check, all of which was true.

Reimers asked Miley for a check of the defendant bank payable to him personally. Miley refused to give such a check in payment of Leventhal's check, but said that he would give Reimers the cash, and then Reimers could take the cash to another officer of the defendant bank at another window and buy the defendant bank's check for $10,000 payable to himself. Reimers took the $10,000 in cash, went to the other officer at another window, and bought the defendant bank's check for $10,000, dated August 21, 1941, payable to the order of Henry Reimers.

Reimers deposited that check in an account that he opened in his own name in a bank in Medford, and it was collected by that bank from the defendant bank. The proceeds of that check never reached the plaintiff corporation, but were wrongfully used by Reimers for his private purposes.

In the Superior Court, on October 24, 1944, a judge made a finding for the plaintiff in the sum of $11,905, which evidently was composed of the sum of $10,000 with interest thereon from August 21, 1941. The case is here on the exceptions of the defendant bank.

The defendant bank was under no contractual duty to the plaintiff corporation, as distinguished from its depositor Leventhal, to see that the check was paid to the plaintiff, the payee, or to someone authorized by the plaintiff to receive payment. *Blacker & Shepard Co.* v. *Granite Trust Co.* 284 Mass. 9, 12. See also 137 Am. L. R. 874. Any liability on the part of the defendant bank must be based on tort. See *Banks* v. *Everett National Bank*, 305 Mass. 178, 182. In the *Blacker & Shepard Co.* case a bank was

held liable to the corporate payee of a check where it paid the check to a vice-president who had authority to receive the check for the corporation but not to indorse or collect it.

The present case differs from the *Blacker & Shepard Co.* case primarily in that Reimers as treasurer had authority to indorse and collect the check. He had authority to receive payment of the check in cash. Doing so was not such a badge of fraud as to impose upon the defendant bank a duty to interfere to prevent an apparently intended embezzlement. An honest treasurer may at times keep substantial sums in the form of cash. Neither did the conversion of the check into a bank or cashier's check payable to Reimers personally constitute such a plain indication of an intended embezzlement that the defendant bank became bound to interfere to prevent such a crime. In some situations an honest treasurer might desire to convert a check payable to his corporation into a bank or cashier's check payable to himself. He might reasonably do so if on behalf of his corporation he should contemplate buying goods for cash in a distant city where he could be identified but where proof of his authority to indorse a check payable to his corporation would be at least difficult. A bank that is merely the drawee of a check ought not to be made liable to the payee for anything short of participation or assistance in a known or apparent misappropriation of funds. In this Commonwealth, and by the weight of authority elsewhere, a bank upon which a check is drawn is not liable for the embezzlement of the proceeds by a payee who is a fiduciary, or by an agent of the payee authorized to collect the check, merely because the fiduciary or agent causes the check or its proceeds to be deposited in his personal account, much less because he collects the check in cash.[1] Though we find no case in this Common-

---

[1] *Ashton* v. *Atlantic Bank*, 3 Allen, 217. *Batchelder* v. *Central National Bank*, 188 Mass. 25 (bank not liable where check payable to trustee as such deposited in his personal account). *Fillebrown* v. *Hayward*, 190 Mass. 472. *Newburyport* v. *Spear*, 204 Mass. 146, 150 (bank not liable for paying checks drawn by city treasurer to his own order). *Johnson & Kettell Co.* v. *Longley Luncheon Co.* 207 Mass. 52, 55, 56. *Allen* v. *Puritan Trust Co.* 211 Mass. 409 (bank liable for paying check drawn by administrator on estate account to his own order and deposited in his personal account, only so far as it had

wealth exactly like the present case, the principle is well established.

Cases are distinguishable in which a bank has been held liable for accepting in payment of the personal obligation of a fiduciary or agent funds which it knows are not his own, or for assisting him in a known or apparent misappropriation of funds.[1]

There was error in denying the defendant's request for a ruling that upon all the evidence the law required a finding in its favor. Since the case was tried without jury, the point was properly raised by a request for a ruling. *Forbes v. Gordon & Gerber, Inc.* 298 Mass. 91, 94, 95. *Commonwealth v. Carter,* 306 Mass. 141, 143. *Matter of Loeb,* 315 Mass. 191, 194.

> *Exceptions sustained.*
> *Judgment for the defendant.*

---

notice of intended misappropriation). *Newburyport* v. *First National Bank,* 216 Mass. 304. *Allen* v. *Fourth National Bank,* 224 Mass. 239. *Kendall* v. *Fidelity Trust Co.* 230 Mass. 238 (bank not liable where treasurer drew check payable to himself and deposited it in his personal account). *Eastern Mutual Ins. Co.* v. *Atlantic National Bank,* 260 Mass. 485 (same). *Ogden* v. *Atlantic National Bank,* 276 Mass. 130 .(same, trustee). *Banks* v. *Everett National Bank,* 305 Mass. 178. *Macklin* v. *Macklin,* 315 Mass. 451, 456. *Empire Trust Co.* v. *Cahan,* 274 U. S. 473. *Commercial Savings Bank & Trust Co.* v. *National Surety Co.* 294 Fed. 261. *Maryland Casualty Co.* v. *City National Bank,* 29 Fed. (2d) 662. *Aetna Casualty & Surety Co.* v. *Catskill National Bank & Trust Co.* 102 Fed. (2d) 527. *Rodgers* v. *Bankers National Bank,* 179 Minn. 197. *Bischoff* v. *Yorkville Bank,* 218 N. Y. 106 (but see *Wen Kroy Realty Co. Inc.* v. *Public National Bank & Trust Co.* 260 N. Y. 84, and *Grace* v. *Corn Exchange Bank Trust Co.* 287 N. Y. 94, 145 Am. L. R. 436). *Bacher* v. *City National Bank,* 347 Penn. St. 80. *Quanah, Acme & Pacific Railway* v. *Wichita State Bank & Trust Co.* 127 Texas, 407. *Cocke's Administrator* v. *Loyall,* 150 Va. 336. *W. L. Chase & Co. Inc.* v. *Norfolk National Bank of Commerce & Trusts,* 151 Va. 1040. *Toronto Club* v. *Dominion Bank,* 25 Ont. Law Rep. 330. Merrill, 40 Harv. L. Rev. 1077. Scott, Trusts (1939) §§ 324.2, 324.3, 324.4.

[1] *Shaw* v. *Spencer,* 100 Mass. 382. *Tingley* v. *North Middlesex Savings Bank,* 266 Mass. 337. *Proctor* v. *Norris,* 285 Mass. 161, 164, 165. *Banks* v. *Everett National Bank,* 305 Mass. 178, 182. *Tierney* v. *Coolidge,* 308 Mass. 255, 259. *Geary* v. *Blomerth,* 309 Mass. 91, 99, and cases cited. *Milbank* v. *J. C. Littlefield, Inc.* 310 Mass. 55, 64. *Macklin* v. *Macklin,* 315 Mass. 451.