*Southern Division*

SIMPLICITY PATTERN CO., INC.

v.

JOSEPH A. KEALEY

*Present*: Nash, P. J., Cox & Sgarzi, JJ.

Case tried to *Casey, J.* in the District Court of East Norfolk (Quincy). No. 17593.

*Cox, J.* This is an action of contract to recover $437.67 for merchandise sold and delivered. The defense was that the defendant was doing business as "Village 5 & 10" in Cohasset; that he sold the business to one Hitchcock; that he notified the plaintiff verb-

ally that he had done so and that if the plaintiff wished to continue to service the business it should make separate arrangements with Hitchcock; and finally that he had neither bought nor received the merchandise involved in this action.

Other than the defendant's testimony, the only other evidence was the deposition of one Pilson, taken in New York, under a commission issued by the court for that purpose. The deposition was admitted in evidence over the defendant's objection. Pilson was the secretary of the plaintiff corporation and his written answers to the interrogatories would warrant a finding for the plaintiff.

There was a finding for the plaintiff.

The defendant, claiming to be aggrieved by the denial of his first two requests for rulings and the admission of the deposition over his objection, the judge reported the case for our determination. The three requests for rulings which the defendant filed were as follows:

"1. From all the evidence there should be a finding for the Defendant.

"2. From all the evidence, the plaintiff has failed to sustain its burden of proof that the goods were sold and delivered to the defendant and there should be a finding for the Defendant.

"3. The burden of proof is on the party offering a deposition to show that the provisions of law regulating the mode of taking it have been substantially complied with, and if any essential requisite is omitted, the deposition

cannot be regarded as legal evidence, and the Plaintiff has failed to sustain this burden of proof."

The judge denied 1 and 2 and allowed 3.

If the deposition had been excluded, there would have been no evidence on which to base the finding for the plaintiff, and it would have been error to have denied the first two requests because a finding for the defendant would then have been required. *Perry v. Hanover,* 314 Mass. 167, 169-170; *Boston Note Brokerage Co. v. Pilgrim Tr. Co.,* 318 Mass. 224, 228. However, the deposition was rightly admitted.

The defendant's contention is that the judge heard no evidence and made no preliminary findings that the entries, writings and records referred to by Pilson were made in good faith in the regular course of business before the commencement of the action, in accordance with G. L. c. 233, §78.

The deposition was taken under a commission in usual form directed to a notary public or other officer legally empowered to take depositions or affidavits in the City of New York. Attached to the commission were written interrogatories. G. L. c. 233, §§41 and 42. The return of the notary public was also in due form. The commission, interrogatories and Pilson's sworn answers were together duly returned to court. This was enough to make the deposition admissible *prima facie.* There was no reversible error in the admis-

sion in evidence of Pilson's answers. *Derinza's Case,* 229 Mass. 435, 439, 440.

■ The defendant was required to raise his objections to the interrogatories when they were filed in which event they could, if objectionable, have been remedied. G. L. c. 233, §36. *Derinza's Case,* 229 Mass. 435, 440.

■ The defendant's contention that Pilson was not competent to act for the plaintiff corporation cannot be sustained. Even if it were open to him to raise this point at the trial for the first time (see G. L. c. 233, §36) we see no merit in the contention because the secretary of a corporation is an officer competent to answer interrogatories in a case where the corporation is a party. G. L. c. 231, §§61, 65. *Gunn v. New York etc. RR.,* 171 Mass. 417; *C. v. Reading Sav. Bank,* 137 Mass. 431, 438, 439.

As no prejudicial error has been shown an order should be entered dismissing the report.

Henry N. Goldberg, of Boston, for the Plaintiff.
Benjamin Rudner for the Defendant.