## Hood, Appellant, *v.* Kensington National Bank.

*Banks and banking—Checks—Notice—Guardian and ward—Payment of check.*

The mere fact that a check is payable to a person as guardian and is by him duly indorsed as such, imposes no duty upon a bank with whom the check is deposited for collection by one of its customers to question the title of its depositor to the check, and the ward upon coming of age cannot maintain an action against the bank in which the check was deposited and by which it was collected to recover the amount of the check.

Argued Jan. 9, 1911. Appeal, No. 181, Jan. T., 1910, by plaintiffs, from order of C. P. No. 4, Phila. Co., June Term, 1908, No. 1336, discharging rule for judgment for want of a sufficient affidavit of defense in case of Fred R. Hood, to use of the Fidelity and Deposit Company of Maryland v. Kensington National Bank. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit for money received to plaintiff's use. Before AUDENRIED, J.

On March 29, 1905 there was deposited with the Kensington National Bank, by the Hood Leather Company, a partnership of which Jules Gigon was a member, a check for $4,787.02, in form and with indorsements as follows:

"No. ——.    ATLANTIC CITY, N. J., March 29th, 1905.

"MARINE TRUST COMPANY

"Pay to the order of Jules Gigon, Guardian for Fred R. Hood, minor, Forty seven hundred and eighty seven ........02–100 Dollars.

$4787.02–100

"Estate of James Hood,

"J. HARRY LYONS, Exctor.

"Indorsed.

"Jules Gigon, Guardian for Fred R. Hood.  For de-

posit only to the credit of Hood Leather Company. The Kensington Nat'l Bank, Philada., Pa. Prior Indorsements Guaranteed.

W. W. PRICE, Cashier."

The present suit was brought by the ward to use of the guardian's surety to recover the amount of this check. The bank filed the following affidavit of defense:

On March 29, 1905, the Hood Leather Company, which was a leather manufacturing company in the city of Philadelphia, was a depositor in said Kensington National Bank, and at or about that time deposited to the credit of said Hood Leather Company the check for $4,787.02, a copy of which is set forth in plaintiff's statement.

At the time of said deposit there was no indebtedness due by said company to said bank, but said bank held promissory notes of said company, discounted in the usual course of business, and maturing from time to time thereafter.

Said bank had no notice that the said funds belonged to said Fred R. Hood, although the check was drawn to his guardian. The check was received in the usual course of business from said Hood Leather Company, was credited to its account, and was, with other moneys in its account, thereafter drawn by checks from time to time by said Hood Leather Company.

Plaintiffs' rule for judgment for want of sufficient affidavit of defense was discharged.

*Error assigned* was in dismissing the rule.

*Victor Frey*, with him *Augustus Trask Ashton*, for appellants, cited: Duckett v. Mechanic's Bank, 86 Md. 400 (38 Atl. Repr. 983); Kerr v. People's Bank, 158 Pa. 305; Frazier v. Erie Bank, 8 W. & S. 18; McDermott v. Miners' Sav. Bank, 100 Pa. 285; First Nat. Bank v. Mason, 95 Pa. 113.

*E. Cooper Shapley*, for appellee, cited: Safe Deposit & Trust Co. v. Diamond Nat. Bank, 194 Pa. 334; Farmers' & Mechanics' Nat. Bank v. King, 57 Pa. 202; First Nat. Bank v. Mason, 95 Pa. 113.

OPINION BY MR. JUSTICE POTTER, February 27, 1911:

The appellant here complains of the action of the court below in discharging a rule for judgment for want of a sufficient affidavit of defense. In the plaintiff's statement of claim he sets forth that one Jules Gigon was the guardian of his estate, and that as such he received a check upon the Marine Trust Company of Atlantic City, N. J. The said Jules Gigon indorsed the said check, and turned it over to the Hood Leather Company. The latter deposited the check for collection in the defendant bank, and received credit for the proceeds. The theory of the plaintiff seems to be that because a check came to the bank in the regular course of business, which was payable to a certain person as guardian, the bank was not at liberty to accept the check from anyone else, although regularly indorsed by the payee. This theory is far fetched, and is without any reasonable basis. The bank was under no duty to supervise the acts of Gigon as guardian, nor was there anything in the transaction to be criticised in so far as the bank was concerned. It was something entirely consistent with the ordinary and proper conduct of business. Gigon may have used the Hood Leather Company as a means of collecting the check. It was at most merely the equivalent of his going to the bank and obtaining the cash, and paying that over to the leather company. Whatever reason Gigon may have had for transacting the business in the precise manner in which he did it, was his own. The bank was not dealing with him in the matter but was concerned only with its own customer, the Hood Leather Company, which came to it with a check drawn upon a bank in another city and state, regularly indorsed, which it was requested to collect. There was nothing in the occurrence to arouse suspicion, or call for comment

or question, upon the part of the defendant bank. If there was any misuse of the funds by the guardian, it was, so far as this record goes, something of which the defendant bank had no knowledge, and with which it had nothing to do.

The rule for judgment was most properly discharged, and the order of the court below is affirmed.

