MANUFACTURERS TRUST COMPANY and Another, as Administrators, etc., of SAMUEL KRAUS, Deceased, Appellants, *v.* UNITED STATES MORTGAGE AND TRUST COMPANY, Respondent.

Second Department, June 26, 1925.

**Banks and banking — action to recover money deposited by alleged executors and subsequently paid out apparently for legitimate purposes — two years after will was probated, probate was set aside on ground that will was forgery — bank acting in good faith not liable in view of delay of plaintiffs.**

A bank in which deposits were made by executors of a will in the ordinary course of business and paid out on checks drawn apparently for legitimate purposes,

**346** Manufacturers Trust Co. *v.* United States M. & T. Co.

Second Department, June, 1925. [Vol. 213

is not liable to the estate where, after the lapse of two years, the probate of the will is set aside on the ground that the will is a forgery and it is determined that the principal legatee, one of the executors, was not a daughter of the testator, since the bank acted in good faith in paying the checks and the plaintiff's unexplained delay of two years in moving to set aside the probate and of seven months thereafter before making the present claim against the bank, is unreasonable.

APPEAL by the plaintiffs, Manufacturers Trust Company and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 11th day of April, 1924, upon a verdict directed by the court pursuant to consent that the same might be directed in the absence of the jury with the same force and effect as though the jury were actually present, as corrected by an order entered in said clerk's office on the 2d day of May, 1924, with notice of intention to bring up for review upon said appeal an order entered in said clerk's office, on the 2d day of April, 1924, as resettled by an order entered on the 2d day of May, 1924, directing a verdict in favor of the defendant and granting to defendant an extra allowance of $1,000.

*Copal Mintz* [*Louis S. Posner* with him on the brief], for the appellants.

*Carroll G. Walter,* for the respondent.

PER CURIAM:

We agree with the conclusions of Mr. Justice HAGARTY in his opinion (122 Misc. 726) filed on granting defendant's motion for the direction of a verdict. In addition to the failure of the plaintiffs to make out a case against the depository in the particulars referred to in the opinion of the learned trial justice, we are impressed with the absence of explanation by plaintiffs of their apparent failure to take any proceedings to vacate the probate proceedings by which the alleged will of the decedent was certified as valid and letters testamentary issued to the persons represented therein to be the daughter and son-in-law of the testator. The decree revoking the probate was not entered until two years had elapsed from the date of issuance of the letters testamentary and not until after the death of the son-in-law, one of the executors, who had acted as counsel for the estate in dealing with the defendant. There is no suggestion that defendant trust company was at any time notified of the alleged fraud perpetrated by the executors on the next of kin, all of whom apparently resided in the city of New York. Indeed, no claim was made on the defendant trust company for seven months after entry of the decree vacating the probate and removing the executors. The fictitious daughter and son-in-law were allowed to prove the will, obtain letters testamentary

and obtain possession of an estate aggregating more than $1,000,000, with the decree of the Surrogate's Court binding on every one dealing with them in full force, and to remain in possession of the estate for two years without objection by the next of kin so far as the record shows. And there is entire absence of any explanation of the delay. We are told by the decree of 1922 that the will probated in 1920 was not genuine and that the person described in the will as the daughter of the decedent and the legatee of three-quarters of this large estate was not his daughter. The facts are carefully omitted. The so-called daughter was called on the trial now under review as a witness for plaintiffs, but she was not interrogated concerning the alleged gross fraud said to have been perpetrated by her and her deceased husband. The burden was not upon the defendant bank to explain these matters. (*Annett* v. *Chase National Bank*, 196 App. Div. 632.) It was the duty of plaintiffs to act promptly and it was part of their case to show that they acted promptly. There is no explanation in the record of the delay of the brothers and next of kin in asserting their rights. It seems to us that it would be unjust to visit the alleged loss of this $36,000 upon the defendant bank, if it was lost to the estate, as to which the record is also silent as pointed out in the opinion of the learned trial justice. (*Town of Eastchester* v. *Mount Vernon Trust Co.*, 173 App. Div. 482.)

The judgment and order granting extra allowance should be affirmed, with costs.

Present — KELLY, P. J., RICH, JAYCOX, MANNING and YOUNG, JJ.

Judgment and order granting extra allowance unanimously affirmed, with costs.