## BANK OF VASS v. ARKENBURGH et al.
### No. 3217.

Circuit Court of Appeals, Fourth Circuit.
Jan. 12, 1932.

U. L. Spence, of Carthage, N. C. (H. F. Seawell, Jr., of Carthage, N. C., on the brief), for appellant.

Pou & Pou, of Raleigh, N. C. (John J. Crawford, of New York City, on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

**PARKER, Circuit Judge.**

This is an appeal by the Bank of Vass, of Vass, N. C., from a decree holding it liable for trust funds deposited to the personal account of an executrix and her husband, and paid out on personal checks drawn against the account. The suit was instituted to recover the amount misappropriated by the executrix; and the bank was made a party for the purpose of charging it with the funds belonging to the estate which had been deposited with it. From a decree in favor of complainants, the bank has appealed.

It appears that a Mrs. Emily Salmon, a resident of the state of New York, died in the year 1920 leaving a last will and testament in which she named her two daughters executrices of her estate, and directed that, after the payment of debts and legacies, the residue of the estate be equally divided among these daughters and a grandson. One of the daughters, a Mrs. Florence Dunlop, qualified as executrix; and to her, as executrix, a check in the sum of $6,795.78 on the United States Mortgage & Trust Company of New York was drawn and delivered by Richard F. Weeks, referee. This check was indorsed by Mrs. Dunlop, as executrix, and same was deposited by her husband, Edward D. Dunlop, in the Bank of Vass to the joint personal account of himself and wife. When he made the deposit, he stated to the officials of the bank that the check belonged to himself and wife; and the bank had no knowledge of any circumstances sufficient to put it on notice that this statement was not correct, or that the check constituted a trust fund held for the benefit of other persons. It received no such notice until after the funds so deposited had been checked out by checks drawn in the name of Dunlop and wife. It received no part of the funds, and in nowise profited by reason of the deposit.

After the funds had been checked out of the bank, the surrogate of Kings county, N. Y., found a balance due from Florence S. Dunlop to the estate of $6,770.88; and this suit was instituted by her sister and co-administratrix to recover from her and the bank the portion of the balance belonging to the sister, and also the portion belonging to the grandson of Mrs. Salmon, which was to be held in trust for him under the terms of the will. The court rendered a decree for complainant in accordance with the prayer of the bill; and the bank has appealed, denying that it is responsible to the legatees under the will for the funds deposited with it, as it had no knowledge of the trust attaching to the funds, or of the fact that same were being converted by Mrs. Dunlop, when it honored the checks drawn against the account in which same were deposited.

■ We think that the position of the bank must be sustained. The case is not one where the bank has violated its contract of deposit, as by charging personal checks of a fiduciary against a trust account. It is not one where trust funds have gone to pay a debt due the bank or where the bank has otherwise profited from the deposit of such funds. It is not one where the bank, with knowledge that a fiduciary is defrauding an estate, has aided in the perpetration of the fraud either by collecting checks or by honoring checks drawn against a deposit. But it is a simple case of where a bank, without knowledge of any misconduct on the part of the fiduciary, has credited a check drawn to and indorsed by the fiduciary to the individual account of the fiduciary and another, and has honored checks drawn against the account, without knowledge that in drawing same the fiduciary was converting the trust fund to her own use. In such case, the law is well settled that the bank is not liable to the beneficial owners of the trust fund. 26 R. C. L. 1316; Empire Trust Co. v. Cahan, 274 U. S. 473, 47 S. Ct. 661, 71 L. Ed. 1158, 57 A. L. R. 921, and note at page 930; Maryland Casualty Co. v. City Nat. Bk. (C. C. A. 6th) 29 F.(2d) 662; Commercial Sav. Bank & Trust Co. v. Nat. Surety Co. (C. C. A. 6th) 294 F. 261; Santa Marina Co. v. Canadian Bank of Commerce (C. C. A. 9th) 254 F. 391; New Amsterdam Casualty Co. v. Robertson, 129 Or. 663, 278 P. 963, 64 A. L. R. 1396, and note; Cocke's Adm'r v. Loyall, 150 Va. 336, 143 S. E. 881; Whiting v. Hudson Trust Co., 234 N. Y. 394, 138 N. E. 33, 25 A. L. R. 1470; Bischoff v. Yorkville Bank, 218 N. Y. 106, 112 N. E. 759, L. R. A. 1916F, 1059; Manufacturers' Trust Co. v. United States Mortgage & Trust Co., 122 Misc. Rep. 726, 204 N. Y. S. 105, affirmed 213 App. Div. 345, 210 N. Y. S. 613, affirmed 244 N. Y. 550, 155 N. E. 893; Allen v. Puritan Trust Co., 211 Mass. 409, 97 N. E. 916, L. R. A. 1915C, 518 and note; U. S. F. & G. Co. v. Home Bank, 77 W. Va. 665, 88 S. E. 109; Hood v. Kensington Nat. Bk., 230 Pa. 508, 79 A. 714.

■ When the check was credited to the account of Mr. and Mrs. Dunlop, the bank

had no notice that it represented a trust fund and did not in fact belong to them, as represented by Mr. Dunlop. The fact that it was payable to the wife as executrix was not notice of the trust, because, for aught that the bank knew, she and her husband might have been the sole beneficiaries of the estate, or at all events entitled to the entire fund represented by the check. When the check was presented properly indorsed by the payee, the bank certainly would have incurred no risk in cashing it; and we cannot see how any greater risk could have been incurred in crediting its proceeds to the holder who claimed to be entitled thereto. Where a bank has no notice that a fraud is being committed, and no reason to doubt that a person claiming to be the owner of a negotiable instrument properly indorsed is in fact the equitable owner thereof, we know of no principle of law or of equity which requires it to enter upon further inquiry before dealing with him as the true owner.

But even if the bank had known that the fund covered by the check constituted a trust in the hands of Mrs. Dunlop, it would not be liable to the owners of the fund merely because it allowed her to deposit the check to her personal account and honored checks drawn against that account, unless it either acquired an advantage or benefit as a result of the diversion of the trust fund or joined in the diversion with actual knowledge. that such diversion was intended or was being executed, and thereby become privy to it. Bischoff v. Yorkville Bank, supra; Manufacturers' Trust Co. v. United States Mortgage & Trust Co., supra. While banks just as other persons and corporations will be held liable if they. knowingly assist a fiduciary in diverting funds held in trust, they are not sureties for fiduciaries who carry deposit accounts with them, and are not required to investigate the fidelity of such fiduciaries or to supervise their accounts. They may assume, in the absence of knowledge to the 'contrary, that a fiduciary is dealing honestly with his trust, even though trust funds have been deposited to his private account, and that checks drawn against such account have been properly drawn in accordance with the terms of the trust.

There was error, therefore, in so much of the decree as held the Bank of Vass liable to complainants for any part of the deposit, and to that extent same will be reversed.

Reversed.