## W. HORACE WILLIAMS CO., Inc., v. BROWARD BANK & TRUST CO.
### No. 7089.

Circuit Court of Appeals, Fifth Circuit.

Feb. 15, 1934.

Edward E. Fleming, of Miami, Fla., and E. Howard McCaleb, Jr., of New Orleans, La., for appellant.

C. N. McCune, C. A. Hiaasen, and T. F. Fleming, all of Fort Lauderdale, Fla., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for $4,125 wired by appellant "For credit of Dye, Merrill & Brennan, Inc. agents Detroit Fidelity & Surety Company." The claim was that by depositing the amount in the account Dye, Merrill & Brennan, Inc., carried with the bank, the bank had diverted and in effect had converted, the deposit. The bank, not denying that the deposit had been made as claimed, denied that either diversion, conversion, or damage to plaintiff had resulted. It alleged that no part of the moneys had been appropriated by Brennan, Inc., to its own use, but that they had been paid out as already arranged between it and appellant, to the person and on the account for which appellant had intended it. It specifically alleged that the money had been sent in response to a wire request from Dye, Merrill & Brennan Company through whose Mr. F. G. Brennan, as agent under power of attorney, the Detroit Fidelity & Surety Company had gone surety on the bond of Arpin, a subcontractor under appellant. That it had been sent for the purpose of paying it over to Arpin, and that it had been so paid. It was made to appear early in the trial by plaintiff's proof and the statements of its counsel that this was true, and that the theory of plaintiff's case was that it had ordered this money deposited to Brennan, Inc., as agents of the surety company for payment to Arpin under the mistaken impression which Brennan, Inc., had induc-

ed, that acting for the surety company after Arpin's default, they had taken over his subcontract and were finishing it through him for the account of the company. That they had learned since that Brennan, Inc., was not the agent of the Detroit Fidelity & Surety Company, nor authorized to act for it in the matter. That if the bank had deposited the money to the account of Brennan, Inc., as agents of the surety company, the plaintiff would not have lost the money because the company would not have permitted it to be drawn out. Thereafter the trial proceeded, as appellant claims, under a blanket exclusionary ruling extended to all of its depositions offered to show that it was damaged by Arpin's breach to the extent of more than $4,125, in excess of the penalties of the bond which it did collect, the court being of the opinion that the sole question to be decided was whether the action of the bank resulted in injury to the plaintiff by diverting the money from the destination intended. At the close of the case each moving for a directed verdict, the court instructed for defendant on the ground that the undisputed evidence showed that the money had not been converted, but had gone as plaintiff had intended it.

■ Appellant is here urging under one specification of great generality, the errors assigned with equal generality, that the court erred in refusing to permit appellant to read, in rebuttal of defendants' case, the depositions of Williams, Lane, Leovy, and Wolf. By preliminary motions appellee moved to dismiss the appeal, because not applied for in time, to strike the bill of exceptions because not prepared in accordance with the rules, and that the case be not considered for want of proper assignments and specifications of error. Appellee asserts further that there is no plain error on the face of the record which, notwithstanding these defects, we might consider. The motion to dismiss the appeal is denied. The case was tried to a jury. The appeal for a new trial was applied for and allowed within ample time from the overruling of the motion for new trial.

■ The motion to strike the record is also denied because while we agree with appellee that the bill of exceptions is verbose, voluminous, extended beyond all reason, and not in compliance with our rules, we are affirming the case, and the cost of the excess record will fall not on appellee, but on appellant who has caused it.

We agree also with appellee that the assignments of error in the record and the specifications in the brief are general, beyond permissible limits, and violative of our rules. In deference, however, to the insistence of appellant that the course taken on the trial resulted in depriving it not only of the right result but of an opportunity to rightly prepare, and present its record, we have not only considered the specifications, but by a search of the whole record have tested appellant's claim of prejudice and found it unsupported.

■ The District Judge was right in the view he took that there was no substance in appellant's claim against the bank, for Dye, Merrill & Brennan, Inc., to whose credit the bank deposited it, did with it exactly as the wires between them and Williams proposed should be done. What appellant is really pressing for is a holding that by a technical departure from the terms of the instructions the bank made itself trustee of the funds, accountable to Williams to see that they were paid out only on the authority of the surety company.

■ This contention is based on the further untenable one that if the bank had put this money to the credit of "Dye, Merrill & Brennan Inc., agents of the Detroit, Fidelity & Surety Company," the bank would have thereby obligated itself to appellant to see to the proper application of the funds. In short, appellant makes the unreasonable claim that by depositing to the account of Brennan, Inc., whom appellant not only represented to be, but vouched for as agents of the surety company, the bank obligated itself to appellant as insurer, that the money would not be drawn from the account except by authority of the named principal, and that it is responsible for permitting such deposit though the money went where appellant intended it to go. Maryland Casualty Co. v. City National Bank (C. C. A.) 29 F.(2d) 662; Harris & Co. v. Chipman (C. C. A.) 156 F. 929. A bank is under no such obligation as this, even to the principal. Alexander v. Security Bank & Trust Co. (D. C.) 273 F. 258, at page 262. Its responsibility to the principal arises only when it knows or ought to know that the principal's funds are being diverted to the agent's personal use. Farmers' Bank v. U. S. F. & G. Co. (C. C. A.) 28 F.(2d) 676; Empire Trust Co. v. Cahan, 274 U. S. 473, 47 S. Ct. 661, 71 L. Ed. 1158, 57 A. L. R. 921.

The judgment is affirmed.