ARTHUR FREDERICKS, as President of SIXTH PYTHIAN DISTRICT FOUNDATION, Plaintiff, *v.* THE NATIONAL CITY BANK OF NEW YORK, Defendant.*

Supreme Court, New York County, May 17, 1934.

*Manfred Nathan*, for the plaintiff.

*Shearman & Sterling [John A. Wilson* and *William H. Reeves* of counsel], for the defendant.

DORE, J.   This action is brought to recover $11,000 alleged to have been converted by defendant and its predecessor banks.

* Affd., 245 App. Div. 704.

Plaintiff is a voluntary unincorporated charitable organization associated with the order of Knights of Pythias of the State of New York.

The foundation was organized in 1920. From its inception one Jesse H. Birn was treasurer until his removal in the latter part of 1932. Birn was thereafter charged and convicted for embezzlement of the foundation funds and is at present serving time in the penitentiary, and has also been adjudged a bankrupt in the Federal Bankruptcy Court for the Southern District of New York. The charitable deposit account of the foundation was opened in a predecessor bank of the defendant, in which bank was lodged a resolution of the foundation adopted in 1920, which since adoption has in no way been changed, and which resolution reads as follows:

" *Resolved* that Jesse H. Birn, treasurer of this society, is hereby authorized to open an account in the Bowery Bank of New York and to sign and indorse checks, acceptances and notes for this society, no other signature being required."

While the deposit by an agent or fiduciary of checks drawn by him in his representative capacity for credit to his individual or firm account may along with other circumstances be sufficient to charge the depository bank with notice of misappropriation by the agent or fiduciary, it is, nevertheless, now the settled general rule of law that such deposit *without additional circumstances* will not constitute such notice, and the same rule applies with regard to withdrawals by a fiduciary who is empowered to draw checks upon his principal's account. The bank is authorized to pay such checks without being liable to the principal unless the bank pays the checks with knowledge that the fiduciary is committing a breach of his obligation in drawing the check or with knowledge of such facts that its action amounts to bad faith, or unless the check is payable to the drawee bank and is delivered to it in payment of a personal debt of the fiduciary. (*Empire Trust Co.* v. *Cahan*, 274 U. S. 473 [1927]; *Havana Central R. Co.* v. *Knickerbocker Trust Co.*, 198 N. Y. 422 [1910]; *Bischoff* v. *Yorkville Bank*, 218 id. 106 [1916]; *Whiting* v. *Hudson Trust Co.*, 234 id. 394 [1923]; *Manufacturers' Trust Co.* v. *United States M. & T. Co.*, 122 Misc. 726 [1924]; affd., 213 App. Div. 345; affd., 244 N. Y. 550; *Taylor* v. *Astor National Bank*, 105 Misc. 386 [1918].)

The basis of the rule and numerous authorities enforcing and supporting it are stated in well-annotated notes in 57 A. L. R. 925 to 934 (1928), and in 64 id. 1404–1412 (1929).

In *Bischoff* v. *Yorkville Bank* (218 N. Y. 106, at p. 111) the court stated: " A fiduciary may legally deposit the trust funds in a bank to his individual account and credit. Knowledge on the part of

the bank of the nature of the funds received and credited does not affect the character of the act. The bank has the right to assume that the fiduciary will apply the funds to their proper purposes under the trust."

In *Whiting* v. *Hudson Trust Company* (*supra*), where certain checks were drawn to the order of the payee as executor and deposited in another "special" account of the executor, the court, by CARDOZO, J., stated: "Under our ruling in *Bischoff* v. *Yorkville Bank* (*supra*) the defendant did not become a party to a wrong in crediting these checks to its depositor's personal account."

"The transactions of banking in a great financial centre are not to be clogged, and their pace slackened, by overburdensome restrictions."

An entirely different case is presented and the rule is otherwise if the check drawn by the fiduciary from the fiduciary funds is made payable to the bank itself and is delivered to it in payment of the personal debt of the fiduciary to the bank; or the bank, in some other way, reaps benefit from the payment, thus becoming, with notice, an active participant in the diversion. (*Bischoff* v. *Yorkville Bank, supra*, at pp. 112, 113, 114; *Ward* v. *City Trust Company*, 192 N. Y. 61.) That is not this case.

Upon the evidence in this record the court holds there is nothing charging the defendant bank or its predecessor bank with notice of misappropriation of these funds here sued for, and that the defendant and its predecessor were not charged with knowledge or notice of the fraud and did not participate or assist in the diversion or misappropriation of the funds of the plaintiff foundation, and under the established rules of law cannot be held liable for the misappropriation of moneys by the foundation's treasurer. In addition, no one in the foundation except its defaulting treasurer, during the whole period in question, ever asked to see the bank statements or canceled checks; every six months the president made an inspection of the books which he admits was not thorough, and if it had been the foundation would not have the present litigation. Under the authority of *Critten* v. *Chemical Nat. Bank* (171 N. Y. 219) the foundation is chargeable with such information as a comparison of the checks with the check book and a reasonably careful examination of the bank statements would have imparted to an innocent party previously unaware of the irregularities. Where one of two innocent persons must suffer for the wrong or fraud of a third person, he must bear the loss whose action enabled the third person to perpetrate the fraud. (21 C. J. 1170, and cases cited.)

Defendant bank was not guilty of contributory negligence in failing to detect the irregularities, and was damaged by plaintiff's

negligence in failing to make proper examination and notify the bank.

The plaintiff's motion to strike out the defendant's counterclaim and for a direction of a verdict is denied with exception to the plaintiff. Verdict is directed in favor of the defendant bank, with costs of action, with exception to the plaintiff.

Thirty days' stay is granted and sixty days to make a case. The clerk is directed to enter judgment accordingly.