## AMERICAN SURETY CO. OF NEW YORK v. WAGGONER NAT. BANK OF VERNON, TEX.
### No. 7718.

Circuit Court of Appeals, Fifth Circuit.
March 24, 1936.

O. D. Montgomery and F. W. Bartlett, both of Dallas, Tex., for appellant.

Leslie Humphrey and W. E. Fitzgerald, both of Wichita Falls, Tex., and Harry Mason, of Vernon, Tex., for appellee.

Before FOSTER, Circuit Judge, and DAWKINS and STRUM, District Judges.

STRUM, District Judge.

Appellant, as plaintiff below, sued appellee bank to recover losses paid by appellant as surety for the years 1931–1932 on the official bond of C. D. Greene, as tax collector of Wilbarger county, Texas.

Appellee bank was not an authorized county depository. Between January 1, 1931, and May 21, 1932, when Greene resigned, he deposited to his account as tax collector in appellee bank sums aggregating $97,492.91. Of this, $37,709.35 was automobile license fees. During the period stated, Greene presented and appellee bank cashed over the counter checks aggregating $13,995 drawn against said account and signed by Greene as tax collector, payable to the order of "C. D. Greene" and so indorsed by him, the proceeds of which Greene converted to his individual use. During the same period, Greene presented at First State Bank in Vernon, Tex., the authorized county depository, and there cashed or deposited to his personal account, checks aggregating $23,477.64, drawn against his account as tax collector in appellee bank. This group of checks, drawn by Greene as tax collector, payable to "C. D. Greene" and so indorsed by him, were cleared by First State Bank and paid by appellee bank out of said tax collector's official account. Thus the proceeds were converted to Greene's individual use. The checks of the first group, cashed over the counter by appellee bank, were for "even" sums, e. g., $25, $130, $1,000, $4,500, and the like. Of the second group some were for "even" and some for "odd" amounts.

Having reimbursed the county for its loss, appellant sued as the county's subrogee to recover its loss from the appellee bank, but was defeated and appeals.

The District Court found that the total defalcation was $37,442.64, abstracted wholly from automobile license fees collected by Greene from January 9, 1932, to May 21, 1932, and that all funds collected during 1931 had been accounted for. That finding is supported by the evidence.

During Greene's tenure of office since 1925, and from the time of his predecessor, it had been the custom to carry automobile license collections in a bank other than the designated county depository, so that remittances by checks from automobile owners, which were numerous and in small amounts, could be collected and bad checks adjusted before remitting the proceeds to those entitled to ultimately receive the funds. This practice was known to and acquiesced in by the county authorities charged with the supervision of the tax collector's accounts, and by those who were the recipients of the funds.

Article 2549, Rev.Civ.Stat. of Texas, enacted in 1905 as part of the depository law, provides that "it shall also be the duty of the tax collector * * * to deposit all taxes collected by him" in an authorized county depository "as soon as collected." Appellant asserts that since appellee bank was not an authorized county depository, it illegally accepted the deposits and thereby became a trustee ex maleficio.

■ A bank becomes a trustee ex maleficio by receiving a deposit fraudulently, corruptly, or where the deposit is not merely unauthorized but is forbidden by statute. Board of Commissioners v. Strawn (C.C.A.) 157 F. 49, 15 L.R.A.(N.S.) 1100; Fiman v. South Dakota (C.C.A.) 29 F.(2d) 776; Webster v. United States F. & G. Co. (C.C.A.) 71 F.(2d) 475; American Surety Co. v. Jackson (C.C.A.) 24 F.(2d) 768, 769; Allen v. United States (C.C.A.) 285 F. 678.

■ This, however, is not such a case. Greene's defalcations were wholly from automobile license fees collected pursuant to article 6675a—1 et seq., Vernon's Ann.Civ. St.Tex., relating to automobile registrations, enacted long subsequent to the depository act of 1905. Article 6675a—10 provides that on Monday of each week the tax collector shall deposit such fees in the county depository, thus contemplating their accumulation in the hands of the tax collector from week to week. Obviously, the tax collector must employ some agency to collect the checks by which he receives remittances of these fees, and to keep the funds until the time appointed to deposit them in the county depository. It was in this capacity that appellee bank accepted the deposits. Having the responsibility of keeping the fees until the Monday following their receipt, the tax collector necessarily possessed the concomitant authority to choose the method of keeping them. City of El Paso v. Two Republics Life Ins. Co. (Tex.Civ.App.) 278 S.W. 231, 233. He was under no duty to deposit these funds in the county depository until the Monday following their collection. No statute forbade temporary deposit of such fees in a nondepository bank for the purposes stated, so that at least as to automobile license fees the bank violated no statute in thus accepting the deposits. Even if unauthorized, the deposits were not forbidden, so as to constitute the bank a tort-feasor in accepting them. In the absence of fraud or other wrongdoing, which is not here asserted, is only where a bank receives deposits in violation of a statute clearly forbidding them that it is held as a trustee ex maleficio. The bank is therefore not chargeable as a trustee. Austin v. McCary (Tex.Civ.App.) 297 S.W. 1097; Austin v. Bain (Tex.Civ. App.) 283 S.W. 638; Hancock County v. Hancock Nat. Bank (C.C.A.) 67 F.(2d) 421; In re Bogena & Williams (C.C.A.) 76 F.(2d) 950.

Appellant next contends that if appellee is not accountable as a trustee, it is nevertheless liable because having notice of the trust character of the funds it honored withdrawal checks for unauthorized purposes with notice that Greene was wrongfully diverting the money to his individual use, and thus became a participant in the conversion.

Appellant asserts that the fact that these checks were drawn against Greene's "tax collector" account, but payable to himself individually, was notice to the bank that he was converting trust funds, also that the "even" amounts of some of the checks was an added indicia of irregularity because inappropriate to bona fide remittances of tax collection balances by Greene, which would usually, if not always, be for uneven sums.

■ It is settled law that one who knowingly assists a fiduciary in a breach of duty is liable to the beneficial owner of the fund. If, as in Farmers' Bank v. United States Fidelity & Guaranty Co. (C.C.A.) 28 F.(2d) 676, a bank honors checks against trust funds with actual knowledge that the trustee is misapplying them, the bank becomes liable as a participant in the fraud. See, also, Fidelity & Deposit Co. v. Farmers' Bank (C.C.A.) 44 F.(2d) 11. This, however, is not a case where the bank has honored checks against a trust fund with actual knowledge that the trustee was converting the funds. Other than by the form of the

checks themselves, and the above related circumstances in which they were presented, appellee bank had neither notice, knowledge, nor suspicion that Greene was converting the money. Nor is it a case where the bank has permitted a trustee to pay his personal debt to the drawee bank with fiduciary funds. Appellee has received none of the moneys, nor did it otherwise profit or enrich itself by the transaction. Nor is it a case where the depository bank transferred trust funds directly to the fiduciary's personal account in the bank.

■■■ The bank was dealing with a public official whose integrity had theretofore been unquestioned, in the same manner in which it had dealt with him for more than seven years. No active or conscious assistance or connivance by the bank is shown. The checks were honored in the ordinary course of business. The utmost that can be charged against appellee bank is constructive notice from the circumstances, and it is upon such constructive notice that appellant relies. The bank was bound to honor the checks in the absence of adequate knowledge or notice that the funds were being unlawfully withdrawn. City of San Antonio v. Burke (Tex.Civ.App.) 65 S.W. (2d) 408; State Nat. Bank v. Reilly, 124 Ill. 464, 14 N.E. 657. Though a bank is liable for loss of trust funds deposited with it when, having knowledge of the character thereof, it acts in bad faith by conniving with the fiduciary in converting them, the bank's duty is a negative one not to participate in a breach of trust. The test is whether it acts in good faith. Its duty is to refrain from knowingly disbursing them in such a manner as to aid the fiduciary in converting them or to profit by their conversion. Integrity and good faith are exacted, but the transactions of banks should not be clogged and hampered by unreasonable burdens of supervision over the activities of its depositors. If the bank does not participate in the fraud with knowledge that a breach of trust is intended, or does not know of suspicious circumstances which render the bank guilty of bad faith in failing to inquire further, the bank is not liable for honoring a fiduciary's check payable to himself. City of San Antonio v. Burke (Tex.Civ.App.) 65 S.W. (2d) 408.

Most of the checks in question were cleared through First State Bank in Vernon, the authorized depository, and reached appellee bank with the clearing stamp of the former across the back of the checks, indicating that the funds had reached the county depository. In the circumstances, appellee bank was not bound, under pain of liability as a participant in a conversion, to inquire as to what account in the First State Bank received credit for the checks.

■■■ The fact that the checks in question were payable to and indorsed by Greene individually, and some of them for "even" amounts, is not alone sufficient to charge the bank with liability as a participant in the fraud in the absence of other circumstances requiring the bank, in the exercise of good faith, to inquire further. The further fact that some of them were cashed over the counter was not unusual in the light of the precarious banking conditions then existing, as disclosed by the evidence. In the absence of revealing circumstances other than these, the bank is entitled to assume that the fiduciary is dealing lawfully with the funds and is properly withdrawing them. Bank of Commerce v. United States Fidelity & Guaranty Co. (C.C.A.) 54 F.(2d) 578; City of San Antonio v. Burke (Tex. Civ.App.) 65 S.W.(2d) 408; Interstate Bank v. Claxton, 97 Tex. 569, 80 S.W. 604, 65 L.R.A. 820, 104 Am.St.Rep. 885; Moore v. Hanscom, 101 Tex. 293, 106 S.W. 876, 108 S.W. 150; Bank of Commerce v. United States Fidelity & Guaranty Co. (C.C.A.) 54 F.(2d) 578; Lincoln Oil Co. v. Clark Nat. Bank (C.C.A.) 35 F.(2d) 6; Rodgers v. Bank, 179 Minn. 197, 229 N.W. 90; Bank of Vass v. Arkenburgh (C.C.A.) 55 F.(2d) 130, 131; Havana Co. v. Central Trust Co. (C.C.A.) 204 F. 546, L.R.A. 1915B, 715; Santa Marina Co. v. Canadian Bank (C.C.A.) 254 F. 391; Maryland Casualty Co. v. City Bank (C.C.A.) 29 F. (2d) 662; Massachusetts Bonding Co. v. Standard T. & S. Bank, 334 Ill. 494, 166 N. E. 123; Empire Trust Co. v. Cahan, 274 U.S. 473, 47 S.Ct. 661, 71 L.Ed. 1158, 57 A.L.R. 921; New Amsterdam Co. v. Nat. Banking Co., 117 N.J.Eq. 264, 175 A. 609; 4 Bogert on Trusts, § 909; Perry on Trusts, p. 177 (122); 3 R.C.L. 549 (177). Compare American Surety Co. v. Lewis Bank (C.C.A.) 58 F.(2d) 559; United States Fidelity & Guaranty Co. v. Union Bank & Trust Co. (C.C.A.) 228 F. 448; Williams Co. v. Broward Bank & Trust Co. (C.C.A.) 69 F.(2d) 14.

Other contentions urged by appellant present no reversible error.

Affirmed.