JOSEPH H. SCHULTZ, as Administrator, etc., of HENRY MEYER, Deceased, Plaintiff, *v.* MANUFACTURERS TRUST COMPANY, as Successor to Chatham Phenix National Bank, Defendant.

Supreme Court, Trial Term, New York County, July 1, 1937.

*Robert W. Maloney*, for the plaintiff.

*Newman & Bisco* [*Lester E. Dennon* of counsel], for the defendant.

COTILLO, J. This action is one by an administrator against a bank to recover the difference between the amount of money legally withdrawn from an account deposited with the bank and the amount of the deposit. It is conceded that the plaintiff signed and delivered to one N. Joseph Slicklen, his attorney, the petition for his appointment as administrator, his application for a bond from the National Surety Company, withdrawal slips for withdrawing his decedent's deposits in savings banks and a signature card for the opening of an estate account with the Chatham Phenix National Bank and Trust Company, the predecessor of the defendant. It is also conceded that the signature card when delivered to Slicklen bore on its face only the printed matter thereon and the signature of the plaintiff. On July 1, 1930, Slicklen opened the account for the plaintiff and the total deposits amounted to $10,507.03. The plaintiff further concedes that between July 2, 1930 and the 29th day of October, 1931, there was lawfully withdrawn from the account, by checks drawn by the plaintiff, the sum of $2,349.65. It is further conceded that the plaintiff at the time and place of signing the signature card delivered to Slicklen four signed checks with the spaces for the amounts, dates and name of payees left blank. The signature card is marked in evidence and bears in the hand of Slicklen the instruction to mail vouchers c/o of N. Joseph Slicklen, 299 Broadway, and it was the custom to mail these vouchers to the depositor at the address he desired. Between the opening of the account and its closing on October 31, 1931, the records of the bank indicated that on July 5, 1930, Slicklen, who also had an account with the defendant's predecessor, deposited in his own account the sum of $6,020, and that the account included a check in the sum of $6,000 drawn on the same branch of the bank and that the only item of $6,000 charged to any account on that day was a charge against the account of the plaintiff. The same sort of a transaction appears on October 26, 1931, in the sum of $2,157.38. Slicklen died in April, 1932, and during the month of December, 1932, plaintiff knew or should have known of the discrepancy in the account, and made no demand for payment of the alleged balance until February 7, 1935. The plaintiff's cause of action must be based on one of two theories; either that Slicklen used for his own purpose two of the checks signed in blank by the plaintiff or forged the name of the plaintiff. If he is relying on the former theory then his cause of action must fail as his own negligence permitted Slicklen to perpetrate a fraud and under the familiar doctrine expressed in *Fredericks* v. *National City Bank* (155 Misc. 800). If, on the other hand, he claims that Slicklen forged his name he is confronted with section 326 of the

Negotiable Instruments Law, which invokes a short statute of limitations in actions to recover on forged checks. (*Potts* v. *Lafayette National Bank of Brooklyn*, 269 N. Y. 181.) Judgment for the defendant. Thirty days' stay and sixty days to make a case.