### MABRY v. ÆTNA CASUALTY & SURETY CO.

#### No. 12191.

Court of Civil Appeals of Texas. Galveston.
May 11, 1950.

Rehearing Denied June 1, 1950.

Quinton Wright, Houston, for appellant.

Fulbright, Crooker, Freeman & Bates and James C. Watson, Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellant, Mrs. Ethel Mabry, for recovery from appellee, The Aetna Casualty & Surety Company, of one-half of a payment made to her husband, E. C. Mabry, by appellee, The Aetna Casualty & Surety Company, as compensation for an injury received by him in the course of his employment with the Ford, Bacon & Davis Construction Company, which carried compensation insurance with appellee. Appellee answered by defensive pleas and by a special plea that the compensation benefits to which E. C. Mabry was entitled were not community property until they had been paid, but were personal to the employee; and, further, that appellee was not bound by the judgment rendered in a divorce case filed by appellant against E. C. Mabry because it was not a party to the suit and the judgment was not binding upon it.

In a trial before the court without a jury, judgment was rendered denying appellant any recovery on her action.

At the request of appellant, the trial court made and caused to be filed his findings of fact and conclusions of law. They were excepted to by appellant.

The material facts in the case were agreed to and stipulated between the parties, with the exception of the value of the fee sought by appellant's counsel in the event he was found to be entitled to a fee.

The record reflects that appellant, Mrs. Ethel Mabry, and E. C. Mabry were husband and wife prior to October 14, 1947; that E. C. Mabry, who was employed by Ford, Bacon & Davis Construction Company in Texas City, Texas, sustained a compensable injury in the course of his employment with that firm; and that appellee herein was compensation carrier for Ford, Bacon & Davis Construction Company. Mabry filed his claim for compensation for his injury with the Industrial Accident Board. On August 19, 1948, while Mabry's compensation claim was pending before the Industrial Accident Board, Mrs. Mabry filed suit for divorce against him in the District Court of Jefferson County and asked for a division of the community property, including one-half of said compensation claim then pending. On August 20, 1948, Mrs. Mabry, through her attorney, notified appellee by letter that she had sued E. C. Mabry for divorce and for a division of their community property, including said compensation claim. On October 14, 1948, Mrs. Mabry was granted a divorce and, under the decree rendered, she was awarded one-half of said compensation claim. On November 18, 1948, the Industrial Accident Board approved a compromise settlement

agreement between E. C. Mabry and appellee, under which he was to receive $3,600 in cash in settlement of his claim. On November 19, 1948, Mrs. Mabry's attorney mailed to appellee a certified copy of the divorce decree in which she was awarded a one-half interest in said compensation claim. On November 20, 1948, appellee paid to E. C. Mabry the $3,600 in payment of his claim for compensation. On February 2, 1949, appellant employed Quinton Wright, an attorney, to represent her in an action against appellee and agreed to pay him a reasonable fee therefor, and on February 3, 1949, he made a demand upon appellee for one-half of the said settlement. Appellee, The Aetna Casualty & Surety Company, was not a party to said divorce proceeding. Motion for new trial in the divorce proceeding was timely filed after the divorce decree was entered and was overruled on November 10, 1948. The court found in his findings of fact that Mrs. Mabry's attorney was not entitled to any part of said compensation claim as part of her damages. He found, however, that in the event she was entitled to recover attorney's fees as part of her damages, a reasonable attorney's fee would be $600.

The trial court concluded as a matter of law that appellee had the duty to deal solely with E. C. Mabry; that there had been no notice to appellee of any fraud or intent to defraud on the part of E. C. Mabry or to deprive Mrs. Mabry of any of the community property to which she was entitled, including any interest or claim she might have to his compensation benefits. The court found that appellee was a stranger to the divorce proceeding in the District Court of Jefferson County and that it was not bound by the decree rendered therein, even had the decree been final.

It is undisputed that E. C. Mabry sustained an injury to his knee on October 19, 1947, and that appellee accepted liability therefor and paid him compensation in the sum of $3,600. Final settlement of Mabry's claim for compensation benefits was approved by the Industrial Accident Board on November 18, 1948, and settlement was consummated on November 20, 1948. The injury to Mabry's knee was a "specific injury", for which a definite maximum number of weeks of compensation was provided under Article 8306, sec. 12, R.C.S., Vernon's Ann.Civ.St. art. 8306, § 12. Sec. 3 of said Article 8306 provides that "All compensation allowed under the succeeding sections herein shall be exempt from garnishment, attachment, judgment and all other suits or claims, and no such right of action and no such compensation and no part thereof or of either shall be assignable, except as * * * herein provided, and any attempt to assign the same shall be void."

█ The divorce decree in favor of Mrs. Mabry against E. C. Mabry was a judicial compulsory assignment which was, we think, prohibited under the quoted part of sec. 3 of Article 8306.

The case of English v. McCorkle, Tex. Civ.App., 157 S.W.2d 965, writ of error refused, held that the statute means exactly what it says and that McCorkle had no authority to assign his judgment to English and that any attempt to do so was, in the language of the statute, void.

In the case of Pickens v. Pickens, 125 Tex. 410, 83 S.W.2d 95, it was held by the Commission of Appeals that the exemption allowed an employee under said Article 8306, sec. 3, was personal to the employee and that the benefits in the hands of the employee were exempt from community debts, but that upon the death of the employee from other causes the exemption vanishes and the benefits are community property in the hands of the wife and subject to community debts.

In the case of Southern Underwriters v. Lewis, Tex.Civ.App., 150 S.W.2d 162, 166, the court in its opinion said: " * * * where an employee has received a specific injury, such as the loss of an eye, and the Board has made an award therefor ordering compensation to be paid in weekly installments, his right to the full amount of such compensation is a vested right; and that should such injured employee die prior to the expiration of the compensation period, the insurer is liable to his heirs for the installments accruing after his death."

Under her second point of appeal, appellant assigns error in the action of the trial

court in holding that appellee did not have notice of the divorce action between appellant and E. C. Mabry and was not bound thereby. Appellant is, we think, mistaken in her statement that the trial court held that appellee did not have notice of the divorce action between appellant and E. C. Mabry. The court held that appellee had no notice "that E. C. Mabry would defraud the plaintiff (appellant) or had any intention of defrauding her." Appellant's contention seems to be that appellee is liable to her for one-half of the compensation paid to E. C. Mabry because it had notice of said divorce action.

It is, we think, obvious that the only parties affected by the divorce decree were appellant and E. C. Mabry and that whatever legal rights appellant obtained in that suit were against E. C. Mabry. She unquestionably had the right to recover her one-half of any community property and her remedy therefor was in her suit in the District Court of Jefferson County, in which court she had access to adequate legal processes to prevent E. C. Mabry from dissipating or concealing community property if she had reason to believe that he intended to do so. She also had the legal right to bring appellee into the District Court of Jefferson County and to require that the payment of said compensation be made into the registry of the court. It is undisputed that she did not take any of these steps to protect her interest, if any, in said compensation recovery.

■ Under the rule announced in the case of Houston Oil Company of Texas v. McCarthy, Tex.Com.App., 245 S.W. 651, a judgment is deprived of that finality necessary to make it the basis of a plea in bar in support of the right or defense declared by it so long as a motion for new trial is pending. The motion for new trial in said divorce case was overruled on November 10, 1948, and notice of appeal was timely given by E. C. Mabry. Under Rule 356, T.R.C.P., E. C. Mabry had 30 days thereafter to file his appeal bond and under Rule 330(l), T.R.C.P., the decree was not final until that time had elapsed.

Since the status of husband and wife had not been affected by the divorce decree at the time of the payment of said compensation to E. C. Mabry on November 20, 1948, appellee had the duty to deal with him as the manager of the community property and as an injured employee entitled to compensation benefits for a specific injury at the time this payment was made to him.

Further, the trial court found that there are no facts in this record which reflect that E. C. Mabry had defrauded appellant of any interest she might have had in his compensation benefits. In so far as this record is concerned, he may have applied the proceeds from the settlement of such compensation claim for community debts and obligations.

In the case of American Surety Co. of New York v. Waggoner Nat. Bank, 5 Cir., 83 F.2d 99, 102, a tax collector had misappropriated funds on deposit in the Waggoner National Bank and the surety on the tax collector's bond had brought suit against the bank, charging it as a party to the conversion by the tax collector. The court in its opinion said: " * * * The bank was bound to honor the checks in the absence of adequate knowledge or notice that the funds were being unlawfully withdrawn. (Citing authorities.) Though a bank is liable for loss of trust funds deposited with it when, having knowledge of the character thereof, it acts in bad faith by conniving with the fiduciary in converting them, the bank's duty is a negative one not to participate in a breach of trust. The test is whether it acts in good faith. Its duty is to refrain from knowingly disbursing them in such a manner as to aid the fiduciary in converting them or to profit by their conversion. Integrity and good faith are exacted, but the transactions of banks should not be clogged and hampered by unreasonable burdens of supervision over the activities of its depositors. If the bank does not participate in the fraud with knowledge that a breach of trust is intended, or does not know of suspicious circumstances which render the bank guilty of bad faith in failing to inquire further,

the bank is not liable for honoring a fiduciary's check payable to himself." (Citing authorities.)

There is no evidence in this record that E. C. Mabry had defrauded appellant of any interest she may have had in his claim to compensation and appellant made no allegations suggesting fraud on his part. As we have heretofore said, appellant had her rights and remedies to enjoin E. C. Mabry and appellee, to make appellee a party to said divorce suit, or to invoke other ancillary procedures.

There was, we think, no duty on the part of appellee to intervene in said divorce action upon a notice by letter from an attorney that a compensation claimant's wife had filed suit for divorce.

We have carefully considered all other points of error presented by appellant in her brief, and, finding no reversible error, the judgment of the trial court will be in all things affirmed.

Affirmed.